# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TONY GREEN | CIVIL ACTION |
| versus | NO. 11-2771 |
| DAVE YELVERTON, WARDEN, ET AL. | SECTION: "H" (1) |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITHOUT PREJUDICE**.

Petitioner, Tony Green, is a state prisoner incarcerated at the Jackson Parish Correctional Center, Jonesboro, Louisiana. On May 24, 2011, he pleaded guilty to possession of over four hundred grams of cocaine under Louisiana law. On that same date, he was sentenced to a term of twenty-five years imprisonment without benefit of parole, probation, or suspension of sentence.[1] In August of 2011, after his time for filing an appeal had expired, petitioner filed a motion for appeal with the state district court.[2] That motion was denied; however, petitioner was

---

[1] State Rec., Vol. III of III, extract of minutes dated May 24, 2011. Also on that same date, the remaining charges against petitioner were nolle prossed pursuant to his plea agreement. State Rec., Vol. III of III, extract of minutes dated May 24, 2011.

[2] State Rec., Vol. III of III.

informed of his right to seek post-conviction relief.³ He thereafter filed a motion for an out-of time appeal which was likewise denied.⁴ He has not filed a state application for post-conviction relief to challenge his conviction or sentence.

On October 20, 2011, petitioner filed the instant application for federal *habeas corpus* relief.⁵ In support of his application, he claims that the trial court erred in refusing to consider a *pro se* pretrial motion and that he received ineffective assistance of counsel. The state concedes that the federal application is timely but correctly notes that it must be dismissed because petitioner has not yet exhausted his remedies in the state courts.⁶

Pursuant to 28 U.S.C. § 2254(b)(1)(A), a petitioner normally must first exhaust his remedies in the state courts before seeking *habeas corpus* relief from the federal courts. "To exhaust, a petitioner must have fairly presented the substance of his claim to the state courts." Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (internal quotation marks omitted). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner according to state court rules. Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).

After his conviction, petitioner neither filed a timely appeal nor sought post-conviction relief in the state courts. Out of an abundance of caution, on December 21, 2011, a staff member of this Court contacted the Louisiana Supreme Court and confirmed that petitioner filed no

---

³ State Rec., Vol. III of III.

⁴ State Rec., Vol. III of III.

⁵ Rec. Doc. 1.

⁶ Rec. Doc. 9.

applications whatsoever with that court after his conviction. In light of the foregoing, it is evident that petitioner has not yet exhausted his remedies in the state courts as required by 28 U.S.C. § 2254(b)(1)(A).

## **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition of **Tony Green** for federal *habeas corpus* relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[7]

New Orleans, Louisiana, this third day of January, 2012.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[7] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.